Judge Wood
delivered the opinion of the court:
The statute (vol. xxix, 128, sec. 1) provides, “ that if any person shall wrongfully detain the goods and chattels of another, the owner, or his agent or attorney, may file a precipe containing a description of the property to be replevied,” etc., “ and shall file an affidavit stating that he has good right to the possession of the goods and chattels described in the precipe, and that they are wrongfully detained by the defendant,” etc., “ the clerk shall issue a writ of replevin.”
In England, this action will only lie where there has been a taking of the goods and chattels. It will not lie where they have been delivered on a contract, whatever may be the character of any subsequent detention. 4 Bing. 299. Under the statute above ■ referred to, it is a wrongful detention, without ^regard to the taking of the property, whether such taking is lawful or unlawful, that gives the right of action in Ohio. Indeed, a tortious taking, without a subsequent wrongful detention, would not support the action. The writ can not issue without the affidavit of the party, or his agent or attorney, of such unlawful detention. The question then arises, in this case, can a party wrongfully detain the possession of the property, who has not the possession, either actual or constructive ? Without such possession, there is no power to deliver the property, and, consequently, no legal liability could accrue from a non-delivery. What possession had this defendant, *426 the plaintiff in the attachment? If the attachment issued without affidavit, the plaintiff, especially if he directed the seizure of the property, would be liable in trespass, because he was bound to see that all his own previous steps were legal; but so far as the constable was concerned, his attachment was a good justification for him. Ho was not under obligation to ascertain whether an affidavit had or had not been filed. He must perform the duty his precept requires, when no want of jurisdiction appears on its face. The constable, then, having seized the property, it is not in the possession of the plaintiff in the attachment. The constable must cause an inventory and an appraisement to be made, and he holds the property not for the plaintiff in the attachment alone, but for the benefit of all, who shall file in and prove their claims, and the justice is required to make a pro rata distribution of the property; and the claims of other creditors, filed under the attachment, are not affected by a discontinuance of the original suit. 29 Stat. 208, secs. 18, 19. When the property is once taken by the constable, it is very clear the plaintiff has no power nor control over it. He can not deliver it. It is not wrongfully detained by him, but is in the custody of the law. The court did not err then, in our opinion, in their charge to the jury; and as the verdict is expressly against the instructions given by the court, a new trial is granted with costs to abide the event of the suit